991 F.2d 811
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
BATH IRON WORKS CORPORATION, Plaintiff-Respondent,
v.
The UNITED STATES, Defendant-Petitioner.
 Misc. No. 366.
 United States Court of Appeals, Federal Circuit.
 March 22, 1993.
 
 Before ARCHER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and MICHEL, Circuit Judge.
 ON PETITION FOR PERMISSION TO APPEAL
 MICHEL, Circuit Judge.
 
 ORDER
 
 1
 Pursuant to 28 U.S.C. § 1292(d)(2) and Fed.R.App.P. 5, the United States petitions for permission to appeal the January 15, 1993 certified interlocutory order of the United States Court of Federal Claims denying the United States' motion to dismiss Bath Iron Works Corporation's (BIW) complaint. BIW does not oppose, but seeks to limit the issues to be reviewed on appeal.
 
 
 2
 This matter stems from BIW's suit in the Court of Federal Claims for price adjustments for work performed for the Navy under two shipbuilding contracts. A contracting officer had denied BIW's claims as lacking in merit and as being time barred by the 18-month limit imposed by 10 U.S.C. § 2405.[1] The United States moved to dismiss BIW's complaint (1) because § 2405 was a bar to the Court of Federal Claims' jurisdiction, (2) because the 18-month limitation set out in 10 U.S.C. § 2405 operates as a statute of limitations barring the suit, and (3) based on improper certification of the requested price adjustments. The Court of Federal Claims denied the motion to dismiss determining that § 2405 was not a jurisdictional bar and that the 18-month time limitation of § 2405 applied only to the Secretary, not to the trial court, and thus was not a statute of limitations. The Court of Federal Claims did not reach the certification issue. The Court of Federal Claims certified the order for immediate appeal.
 
 
 3
 This court, in its discretion, may accept an appeal from an interlocutory order of the United States Court of Federal Claims if "a controlling question of law is involved with respect to which there is a substantial ground for difference of opinion and that an immediate appeal from that order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(d)(2).
 
 
 4
 We agree with the parties and the Court of Federal Claims that this order presents a controlling question of law. A question concerning statutory interpretation involves an issue of substantive law, which is often the subject of a certification ruling. 9 James W. Moore et al., Moore's Federal Practice p 110.22 & n. 11 (2d ed. 1992).
 
 
 5
 Additionally, there is a substantial ground for difference of opinion on the appropriate interpretation of § 2405. In Peterson Builders, Inc. v. United States, 26 Cl.Ct. 1227 (1992), another case decided by the Court of Federal Claims involving § 2405, the court focused upon what "events" within the meaning of § 2405 triggered the 18-month time period. Thus, the Peterson Builders court presumed that the application of the 18-month limitation was not confined to the administrative level. The trial court's interpretation of the 18-month limitation of § 2405 on appeal here is at odds with the Court of Federal Claims' interpretation of the same statutory section in Peterson Builders.
 
 
 6
 Resolution of this question of statutory interpretation may immediately advance the ultimate termination of this litigation. If the order of the Court of Federal Claims denying the United States' motion to dismiss is reversed, then the case may be dismissed. Further, resolution of this issue may materially advance the termination of other pending and future litigation involving § 2405. See, e.g., Intermarine USA v. United States, No. 91-1127C (Cl.Ct. filed April 30, 1991).[2]
 
 
 7
 Accordingly,
 
 IT IS ORDERED THAT:
 
 8
 The petition for permission to appeal is granted.
 
 
 
 [1]
 10 U.S.C. § 2405 provides that:
 (a) The Secretary of a military department may not adjust any price under a shipbuilding contract entered into after December 7, 1983, or an amount set forth in a claim, request for equitable adjustment, or demand for payment under the contract (or incurred due to the preparation, submission, or adjudication of any such claim, request, or demand) arising out of events occurring more than 18 months before the submission of the claim, request, or demand.
 (b) For purposes of subsection (a), a claim, request, or demand shall be considered to have been submitted only when the contractor has provided the certification required by section 6(c)(1) of the Contract Disputes Act of 1978 (41 U.S.C. § 605(c)(1)) and the supporting data for the claim, request, or demand.
 
 
 [2]
 The United States requests that this court also decide issues that the Court of Federal Claims did not decide, i.e., which occurrences constitute "events" that trigger the 18-month period. While this court's review of an appeal pursuant to 28 U.S.C. § 1292(d)(2) encompasses the entire order and is not limited to the trial court's "questions of law," our review is limited to the issues that were decided by the trial court